IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**RANDALL LAMONT ROLLE,**
       **Plaintiff,**

vs.                                                                Case No. 4:07cv262/SPM/MD

**WILLIAM C. SHERRILL, et al.,**
       **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida penal system proceeding *pro se*, commenced this action on June 3, 2007 by filing a civil rights complaint under 42 U.S.C. § 1983 (doc. 1). He also filed a motion for permanent injunction (doc. 3) and a motion to proceed *in forma pauperis* (doc. 6). Plaintiff did not submit any money for the filing fee at the time he submitted the complaint. Thereafter, plaintiff filed an amended complaint (doc. 8). On October 10, 2007 Magistrate Judge Kornblum entered an order of recusal, directing that the case be reassigned because he was a named defendant.

Plaintiff is not entitled to proceed in forma pauperis in the federal courts because he has already incurred three "strikes" under 28 U.S.C. § 1915(g). The *in forma pauperis* statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  Plaintiff is well aware of this section as evidenced by this Court's recognition of plaintiff's status as a "three striker" in *Rolle v. Dilmore*, case number 4:07cv317/MP/WCS.  *See* docs. 4, 6 and 7 of that case.  As set forth in the Report and Recommendation in that case, plaintiff previously initiated a civil rights case in this Court, case number 4:06cv373/MP/WCS, which was dismissed for failure to state a claim on December 22, 2006.  *See* docs. 19, 24 and 25 of that case.  Another civil rights case in this court, 4:06cv406/MP/WCS, was similarly dismissed on December 22, 2006 as barred by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *See* docs. 19, 24 and 25 of that case.  Plaintiff also filed a § 1983 case in the Middle District of Florida on January 19, 2007, case number 3:07cv48/VMC/MCR.  That case was summarily dismissed on January 25, 2007 under 28 U.S.C. § 1915(e)(2) for failure to state a claim.  *See* docs. 3 and 4 of that case.  Plaintiff was incarcerated at the time he filed these cases.[1]

      Thus, by the time plaintiff brought the instant action, he knew that he had three strikes and could not proceed *in forma pauperis*.  Plaintiff's allegations in the instant complaint do not entitle him to avoid the bar of § 1915(g), as they do not suggest he is under imminent danger of serious physical injury.  Rather, plaintiff's complaint concerns the alleged deprivation of his rights by various judges of this Court when they dismissed his civil rights actions for failure to state a claim under *Heck v. Humphrey, supra*.  Because plaintiff did not pay the filing fee at the time he submitted this civil rights action, and because it plainly appears that plaintiff is not entitled to proceed *in forma pauperis*, this case must be dismissed under § 1915(g).  Leave should not be provided so that he can pay the fee; rather, dismissal is required if a "three striker" does not pay the filing fee at the time he submits the complaint.  *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002).

      Accordingly, it is respectfully RECOMMENDED:

      1.  That this case be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(g).

---

[1] Those cases may be positively identified as having been filed by plaintiff because they bear his DOC (Department of Corrections) number: U02521.

*Case No: 4:07cv262/SPM/MD*

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 17th day of October, 2007.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**