IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

    Plaintiff,

vs.                                                Case No. 4:07-CV-262-SPM

WILLIAM C. SHERRILL, *et al.*,

    Defendants.

_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION
AND DISMISSING CASE**

**THIS CAUSE** comes before the Court upon the Magistrate Judge's Report and Recommendation (doc. 16). The parties have been furnished a copy and have been afforded an opportunity to file objections. Plaintiff filed his objections on October 26, 2007 (doc. 17). Pursuant to Title 28, United States Code, Section 636(b)(1), I have made a *de novo* determination of those portions to which an objection has been made.

Plaintiff falls under the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), which prohibits an inmate from filing any civil actions or appeals if he has three or more previous cases dismissed on grounds of frivolity, malice, or failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915(g). The Report and Recommendation lists the prior cases that were

dismissed pursuant to U.S.C.§ 1915(e)(2)(B)(ii) and also notes that Plaintiff had not alleged that he was in imminent danger of serious physical injury—the only exception to the "three strikes" rule. Id.

In his objections, Plaintiff responds by arguing that the "three strikes" provision has been wrongly applied. Plaintiff argues that the Order dismissing the case in Rolle v. Reception and Medical Center (3:07cv48) (doc. 3) is not a strike because at the time of that Order there was a case pending before the Eleventh Circuit. This point is factually accurate in that on the same date that the Reception and Medical Center order was issued, there *was* an Eleventh Circuit Appeal pending. But it was in another case. The pending decision that Plaintiff referred to was in Rolle v. United States Marshals Office (4:06cv40). The United States Marshals Office case was *not* one of the ones that the Magistrate Judge relied on when concluding that this instant claim is barred by the three strikes rule. Therefore, contrary to Plaintiff's assertions, the January 25, 2007 order in the Reception and Medical Center case was not frivolous and it was properly considered by the Magistrate Judge as one of the three cases brought by the Plaintiff that result in denial of Plaintiff's current request to proceed in forma pauperis. Pursuant to the three strikes rule in 28 U.S.C. § 1915(g), Plaintiff is not entitled to proceed in forma pauperis.

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's Report and Recommendation (doc. 16) is

adopted and incorporated by reference in this order.

2. Plaintiff's motion for permanent injunction (doc. 3) is hereby *dismissed without prejudice.*

3. Plaintiff's motion to proceed in forma pauperis (doc. 6) is hereby *denied.*

**DONE AND ORDERED** this <u>twenty-ninth</u> day of November, 2007.

    *s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge